IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA LEACH | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 17: CV-2284 |
| | § | |
| JOSE LEON-RAMIREZ AND | § | |
| GLOBAL TRANSPORT CORP | § | |
|     Defendants. | § | |

_____

**DEFENDANT'S ORIGINAL ANSWER**
_____

*TO THE HONORABLE JUDGE OF SAID COURT:*

    COMES NOW JOSE LEON-RAMIREZ AND GLOBAL TRANSPORT CORP, Defendants in the above-entitled and numbered cause (hereinafter collectively referred to as "Defendants"), and files this Original Answer, pursuant to FRCP 12 to Plaintiff's Original Petition, originally filed in the 249th Judicial District Court of Johnson County, Texas as Cause No. DC-C201700399 and removed to this Court by virtue of diversity jurisdiction, and would show unto the Court as follows:

**GENERAL DENIAL**

    1.    Because this matter was removed from State Court on the basis of diversity jurisdiction, Defendants hereby make a general denial. Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws of the State of Texas.

**SPECIFIC RESPONSES TO ALLEGATIONS IN PLAINTIFF'S ORIGINAL PETITION**

2. Defendants deny Paragraph 1.1 of Plaintiff's Original Petition, as the Federal Rules of Civil Procedure now apply to this case and Defendants seek a scheduling order from this Court.

3. Defendants admit the amount in controversy in within the jurisdictional limits of this Court in regards to Paragraph 2.1.

4. Defendants admit Paragraph 3.1 of Plaintiff's Original Petition.

5. Defendants admit Paragraph 3.2 of Plaintiff's Original Petition.

6. Defendants admit Paragraph 3.3 of Plaintiff's Original Petition.

7. Defendants deny venue is proper in Johnson County in Paragraph 4.1 of Plaintiff's Original Petition, but have availed themselves to the jurisdiction of the corresponding Federal Court in Dallas, Texas.

8. Defendants admit there was a collision on or about October 2, 2015 near US Highway 67 and Cummings Drive. Defendants deny the remainder of Paragraph 5.1.

9. Defendants admit Jose Leon-Ramirez was in the course and scope of his job duties with Global Transport Corp at the time of the collision. Defendants deny the remainder of paragraph 6.1.

10. Defendants deny the allegations contained in Paragraph 7.1.

11. Defendants deny the allegations contained in Paragraph 8.1.

12. Defendant deny the allegations contained in Paragraph 9.1.

13. Based on information and belief, Defendants admit the allegations in Paragraph 10.1.

14. Defendant acknowledge Plaintiff's jury demand in Paragraph 11.1.

15. The allegations in Paragraph 12.1 are moot as the Federal Rules of Civil Procedure now apply.

16. Defendant denies Plaintiff is entitled to the relief sought in its prayer in Paragraph 10.

## AFFIRMATIVE DEFENSES

17. Defendants plead the affirmative defense of contributory negligence and alleges that Plaintiff was guilty of various acts and/or omissions, including but not limited to failure to keep a proper lookout for her own safety and/or to her vehicle, and failure to control the vehicle, which acts and/or omissions were negligent and the sole proximate cause, or in the alternative only, a proximate cause of Plaintiff's alleged damages, if any.  The Plaintiff was not acting as a prudent and/or safe driver at the time of the accident in which this case pertains to.

18. Defendants plead, as an affirmative defense, that Plaintiff did not use ordinary care in reducing or avoiding her alleged damages, and thus failed to mitigate her damages, if any.

19. Defendants plead, as an affirmative defense, that any injuries and/or damages claimed were pre-existing the incident in question, and/or were proximately, supercedingly and/or interveningly caused by pre-existing bodily, physical and/or mental stressors, pre-existing conditions, pre-existing diseases of life (including degeneration of the body), and/or by other accidents, mishaps, activities, torts by third parties and/or other diseases, conditions or occurrences which took place and/or existed before the incident the subject of this suit.

20. Defendants plead, as an affirmative defense, that any injuries and damages claimed were proximately, supercedingly and/or interveningly caused by subsequent occurrences, accidents, mishaps, activities, torts by third parties, and/or were developed and/or were sustained or were aggravated after the incident in question.

21. Defendants plead, alternatively if necessary, that the accident forming the basis of Plaintiff's complaint was the result of an unavoidable accident.

22. Defendants plead, as an affirmative defense, alternatively, if necessary, that the accident made the basis of this lawsuit was solely, proximately, producingly, interveningly and/or supersedingly caused by the acts and/or omissions of third parties and/or entities not made a party herein and of which Defendants had no control. If any equipment, machinery, components, materials, products, and/or apparatuses were defective, Defendants contend the designer, creator, manufacturer and/or supplier are responsible for Plaintiff's alleged injuries and damages.

23. By way of further affirmative defense, and in addition to any other limitation under law, Defendants plead that Plaintiff's recovery of medical and healthcare expenses is governed by and limited by Chapters 41 and 146 of the Texas Civil Practice and Remedies Code. Under TEX. CIV. PRAC. & REM. CODE § 41.0105, Plaintiff's recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

24. By way of affirmative defense, Defendants would further show, that pursuant to TEX. CIV. PRAC. & REM. CODE § 18.091, to the extent that Plaintiff is seeking recovery of loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law. Further, any evidence tending to prove future loss of earning capacity must be presented in terms of present value of loss, not future values of loss.

25. Defendants will further show that in the unlikely event Plaintiff is adjudged to be entitled to any damages from Defendants in this mater, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages. Defendants would show that, as a matter of

law, interest on damages yet to accrue is not compensatory and is, consequently, a penalty which would not be imposed even with a finding of gross negligence, and which would certainly not be imposed for a lesser level or degree of culpability for which a penalty is not authorized by law.

26. Defendants will further show that if prejudgment interest is recoverable in this case, it is limited in accordance with TEX. FIN. CODE § 304.101 *et seq.*

27. Defendants will further show that if post judgment interest is recoverable in this case, it is limited in accordance with TEX. FIN. CODE § 304.003(c).

28. Defendants would further show that they are entitled to all caps and limitations on damages, including but not limited to all actual, consequential, and punitive damages pursuant to the Texas Civil Practices & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 41.001-41.008 (and in particular Section 41.008).

29. By way of further affirmative defense, Defendants would show that the medical and/or chiropractic treatment rendered to Plaintiff and expenses incurred by Plaintiff, were not usual and customary in the county in which such services were provided and were therefore not reasonable and necessary.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that all relief requested by Plaintiff be denied, that judgment be entered, that Plaintiff take nothing against Defendants, and that Defendants recover their court costs, attorney's fees, and such other and further relief, at law or in equity, to which Defendants may be justly entitled.

                                                Respectfully submitted,

                                                By: /s/ Paul Bezney
                                                    PAUL A. BEZNEY
                                                    State Bar No. 00787077
                                                    J. KEVIN KINDRED
                                                    State Bar No. 11432680

ADKERSON, HAUDER & BEZNEY, P.C.
1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201
(214) 740-2500
(214) 740-2544- Facsimile
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing instrument has been served upon all the parties, pursuant to the Texas Rules of Civil Procedure on this the 12TH day of September, 2017.

| Todd Clement | | |
|---|---|---|
| The Clement Firm | _____ | Via Hand Delivery |
| 17855 Dallas Parkway, Suite 155 | _____ | Via Certified Mail Return Receipt Requested |
| Dallas, TX 75287 | _____ | Via Facsimile |
| clement@clementfirm.com | __x__ | Via E-Mail |
| | __x__ | Via Electronic Service |

                                                /s/ Paul Bezney
                                                Paul A. Bezney
                                                J. Kevin Kindred

**DEFENDANTS' ORIGINAL ANSWER**  Page 6
1473.36